OLIVER PETTIPAW *vs.* PAUL GELZINIS.

Suffolk.     December 6, 1948. — February 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle.   *Proximate Cause.*

Operation of a truck backing into a public way could not properly be found to have been negligent or the cause of injuries sustained by a pedestrian when, while walking across the street from a sidewalk on the side from which the truck was backing, he was struck by an automobile which had come upon him from behind the truck.

TORT. Writ in the Superior Court dated March 18, 1946. The case was tried before *Swift*, J.

*J. F. Lawton*, for the plaintiff, submitted a brief.

*D. W. Casey*, for the defendant.

LUMMUS, J. In the early morning of January 24, 1946, while it was still dark, the plaintiff was walking on Lincoln Street in the Brighton district of Boston, when he was struck and injured by an automobile operated by one Quinn. The plaintiff brought this action for the alleged negligence of the defendant in the operation of a truck. The plaintiff testified that he walked on the right hand sidewalk on Lincoln Street, on the same side as the North Brighton Bakery, that just before reaching the bakery he started to walk across the street, that he saw the defendant's truck back out of the bakery into the middle of the street, and that he had nearly crossed the street when he was hit by the Quinn automobile, which he had not seen before. The defendant testified that he backed out slowly, that the rear of his truck never backed out beyond the gutter, and that he stopped when he heard Quinn cry out. Quinn testified that he was driving his automobile at a speed of ten or twelve miles an hour, that he saw the defendant's truck backing out into the street when it was about twenty-eight feet away, that he put on his brakes and turned to the right to pass behind the truck, and that the truck was then in the middle of the street. He testified that when he first saw the plaintiff his automobile had gone a car length beyond the truck, and that then the plaintiff was about forty-six feet from the truck. The plaintiff was walking in the middle of the street ahead of him. Quinn swung his automobile to his right, but the rear end skidded around and hit the plaintiff. There was no contact between the defendant's truck and the plaintiff.

The case comes here upon the exception of the plaintiff to the direction of a verdict for the defendant.

We see in the record no evidence of negligence on the part of the defendant. He backed out slowly, and stopped when Quinn cried out. Quinn passed the defendant's truck safely, and had gone about the length of a car beyond when he first saw the plaintiff. He hit the plaintiff because his automobile skidded. We see no evidence that the conduct of the defendant had any causal relation to the injury sustained by the plaintiff.       *Exceptions overruled.*